15-2702
*Siddiqua v. New York State Department of Health*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of March, two thousand sixteen.

PRESENT: PIERRE N. LEVAL,
RICHARD C. WESLEY,
    *Circuit Judges*,
BRENDA K. SANNES,
    *District Judge*.*

---

JESMAIN SIDDIQUA,

    *Plaintiff-Appellant*,

-v.-                                        No. 15-2702

NEW YORK STATE DEPARTMENT OF
HEALTH,

    *Defendant-Appellee*.

---

* The Honorable Brenda K. Sannes, of the United States District Court for the Northern District of New York, sitting by designation.

1

FOR APPELLANT:        MEREDITH A. MORIARITY (John J. Hoke, *on the brief*), Smith Hoke, PLLC, Albany, NY.

FOR APPELLEES:        KATE H. NEPVEU, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Andrea Oser, Deputy Solicitor General, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Suddaby, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **REVERSED** and the case is **REMANDED**.

Appellant Jesmain Siddiqua ("Siddiqua") appeals from the District Court's judgment dismissing her complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  In her complaint, Siddiqua alleges claims of interference and retaliation in violation of the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601 *et seq.*, against Appellee, her former employer, the New York State Department of Health (the "Department"). In its order dismissing Siddiqua's complaint, the District Court found that the present action was barred under the doctrines of collateral estoppel and res

2

judicata because Siddiqua's FMLA claims had already been decided in the Department's favor in (1) a prior arbitration proceeding related to a disciplinary grievance appeal Siddiqua had filed against the Department pursuant to the provisions of her union's collective bargaining agreement and (2) a prior action Siddiqua had brought in state court seeking to vacate the resulting arbitration award. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* the dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6), accepting as true all allegations in the complaint and drawing all reasonable inferences in favor of the non-moving party." *Pasternack v. Lab. Corp. of Am. Holdings*, 807 F.3d 14, 18 (2d Cir. 2015). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under the doctrine of "res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Under collateral estoppel, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a

different cause of action involving a party to the first case." *Id.* It is well-settled that the doctrines of res judicata and collateral estoppel can be predicated on arbitration proceedings. *Grand Bahama Petroleum Co. v. Asiatic Petroleum Corp.*, 550 F.2d 1320, 1323 (2d Cir. 1977).

The Supreme Court has explained, however, that the arbitration of related contract-based claims under a collective bargaining agreement does not bar subsequent *de novo* review of statutory claims in federal court. *See Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 50–54 (1974).[1] In *Gardner-Denver*, because "the employees . . . had not agreed to arbitrate their statutory claims, and the labor arbitrators were not authorized to resolve such claims, the arbitration in those cases . . . was held not to preclude subsequent statutory actions." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 35 (1991).

Siddiqua's statutory FMLA claims are outside the scope of the collective bargaining agreement, thereby rendering her subsequent action in federal court permissible under *Gardner-Denver*. In conformity with the terms of the collective

---

[1] Although this Court expressed doubt regarding the validity of the so-called *Gardner-Denver* line of cases following the Supreme Court's decision in *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20 (1991), *see Burkybile v. Bd. of Educ. of Hastings-On-Hudson Union Free Sch. Dist.*, 411 F.3d 306, 311 (2d Cir. 2005), there is no doubt the *Gardner-Denver* rule remains good law. *See 14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 263–65 (2009); *see also United States v. Brennan*, 650 F.3d 65, 123 n.56 (2d Cir. 2011).

4

bargaining agreement, Siddiqua submitted her grievance regarding the imposition of discipline against her for just cause to arbitration. As is relevant, under Article 34 of the collective bargaining agreement,

> [a] contract grievance is a dispute concerning the interpretation, application or claimed violation of a specific term or provision of this Agreement. Other disputes which do not involve the interpretation, application, or claimed violation of a specific term or provision of this Agreement including, matters as to which other means of resolution are provided or foreclosed by this Agreement, or by statute or administrative procedures applicable to the State, shall not be considered contract grievances. . . .
> . . . .
> Arbitrators shall have no power to add to, subtract from or modify the terms or provisions of this Agreement. They shall confine their decision and award solely to the application and/or interpretation of this Agreement. The decision and award of the arbitrator shall be final and binding consistent with the provisions of CPLR Article 75.

App'x 75, 77. Pursuant to the plain terms of the collective bargaining agreement, by which the parties were bound, there was no agreement that an employee's statutory claims, such as those arising under the FMLA, could be submitted to, and adjudicated by, an arbitrator. Indeed, the plain language of the collective bargaining agreement limits an arbitrator's review to "a specific term or provision of this Agreement," and explicitly states that claims arising out of a statute fall beyond the scope of the arbitrator's powers. Thus, because Siddiqua did "not agree[] to arbitrate [her] statutory claims, and the labor arbitrator[]

5

w[as] not authorized to resolve such claims," the Arbitrator's award in this case cannot "preclude subsequent statutory actions." *See Gilmer*, 500 U.S. at 35. Further, although the FMLA was mentioned in the arbitration proceeding, the Arbitrator's decision makes clear that Siddiqua's FMLA statutory claims were not actually adjudicated and that its review was limited to the allegations of misconduct before it.

Put differently, Siddiqua sought only to vindicate her contractual rights under the terms of the collective bargaining agreement in submitting her grievance to arbitration. In accordance with the *Gardner-Denver* rule, although Siddiqua pursued her contractual claims in arbitration arising out of the same conduct, she is not foreclosed from bringing subsequent statutory claims arising under federal law against the Department in federal court. This is because the arbitration over her contractual rights under the provisions of the collective bargaining agreement was of a "distinctly separate nature" than the "independent statutory rights accorded by Congress." *See Gardner-Denver*, 415 U.S. at 49–50. In other words, to the extent that the arbitration of Siddiqua's contractual rights in this case might be "similar to, or duplicative of, the substantive rights secured by" the FMLA, this prior arbitration does not preclude

a federal court from reconsidering all factual issues underlying her statutory FMLA claims. *See id.* at 54. Accordingly, because Siddiqua did not, nor was able to, vindicate her statutory rights under the FMLA in arbitration, neither res judicata nor collateral estoppel have any application to this case.[2]

Moreover, because Siddiqua's contractual dispute heard by the Arbitrator does not preclude her from bringing this action, her attempts to vacate the arbitration award in state court can have no preclusive effect on her ability to pursue her statutory claims in federal court. Indeed, that court did not even reach the merits of her petition, dismissing it for failure to effect timely service.

We have considered the Department's remaining arguments and find them to be without merit. Accordingly, we **VACATE** the judgment of the District Court and **REMAND** the case for further proceedings.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk

---

[2] Contrary to the Department's contentions, *Gardner-Denver* does not apply only to claim preclusion. It also prohibits a court from dismissing Siddiqua's FMLA claims by giving preclusive effect to findings of fact made by the Arbitrator in resolving Siddiqua's contract claims. *See 14 Penn Plaza*, 556 U.S. at 262; *Gardner-Denver*, 415 U.S. at 49 n.10.